Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL V**

| | | |
|---|---|---|
| **Efraín J. Archilla Muñoz** Beatriz M. Archilla Muñoz Fernando L. Archilla Muñoz Maricarme Muñoz Rodríguez **Apelante** V. HMS Distributors Inc.; Nelson Estevez Cruz, su esposa y la Sociedad Legal de Gananciales compuesta por ambos; por sí y como Director de HMS Distributors, Inc.; Juan Hidalgo Cruz, su esposa y la Sociedad Legal de Gananciales compuesta por ambos; por sí y como Director de HMS Distributors, Inc.; Compañías Aseguradoras A & B; John Doe **Apelados** | KLAN202500393 | **APELACIÓN** Procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo Caso Núm. FA2020CV00797 Sobre: Incumplimiento de Contrato; Daños y Perjuicios |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

**Hernández Sánchez, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de mayo de 2025.

El 6 de mayo de 2025, el Sr. Efraín J. Archilla Muñoz, la Sra. Beatriz M Archilla Muñoz, el Sr. Fernando L. Archilla Muñoz, y la Sra. Maricarmen Muñoz Rodriguez (en conjunto, los peticionarios) comparecieron ante nos mediante *Apelación*[1] y solicitaron la revisión de una *Resolución* que se emitió el 20 de noviembre de 2024 y se notificó el 22 de noviembre de 2024 por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI). Mediante el aludido

---

[1] Acogemos la apelación de epígrafe como un *certiorari,* por ser el recurso adecuado para la revisión de la determinación recurrida. Sin embargo, para fines administrativos, mantenemos la codificación alfanumérica que la Secretaría de este foro le asignó al caso.

dictamen, el TPI declaró No Ha Lugar la *Réplica a Moción que Solicita que se de por Admitido el Requerimiento de Admisiones* que presentó la parte peticionaria y, en consecuencia, ratificó la admisión tácita del requerimiento cursado.

Por los fundamentos que expondremos a continuación, **denegamos** el recurso de epígrafe.

I.

El 18 de octubre de 2024, HMS Distributors, Inc. (HMS o apelado) presentó una *Moción Informando Admisión Tácita de Requerimiento de Admisiones*.[2] En esta expresó que los peticionarios no presentaron su respuesta al requerimiento de admisiones dentro del término de veinte (20) días que provee la Regla 33 de Procedimiento Civil, 32 LPRA Ap. V., R.33 para presentar dicho escrito. Sostuvo que el requerimiento de admisiones se le cursó a la parte peticionaria el 26 de julio de 2024 y no fue hasta el 16 de octubre de 2024 que finalmente presentaron su contestación a éste. Añadió que la parte peticionaria no brindó justificación alguna para su incumplimiento con el plazo antes expuesto. Así pues, indicó que el incumplimiento por parte de los peticionarios en responder oportunamente el requerimiento de admisiones provocó la admisión tácita de las aseveraciones indagadas en el ejercicio cursado.

En respuesta, el 21 de octubre de 2024, los peticionarios presentaron una *Réplica a Moción que Solicita que se de por Admitido el Requerimiento de Admisiones*.[3] En primer lugar, puntualizaron que, a su entender, la fecha para contestar el requerimiento de admisiones era el 8 de octubre de 2024. Indicaron que, tomaron como punto de partida para computar el término para responder el requerimiento la notificación de una *Resolución* que el TPI emitió el 18 de septiembre de 2024, mediante la cual, entre otras cosas, dicho

---

[2] Véase, págs. 125-127 del apéndice del recurso.
[3] Íd., págs. 128-132.

foro determinó que era obligación de los peticionarios contestar el requerimiento de admisiones que se presentó el 26 de julio de 2024. Ante ello, alegaron que el 10 de octubre de 2024, le enviaron un correo electrónico a la representación legal de HMS notificándole que tenían el requerimiento contestado, pero que necesitaban un término adicional para juramentarlo. Así pues, indicaron que el 16 de octubre de 2024, le cursaron las contestaciones a HMS. Explicaron que el retraso se debió a asuntos de salud personales por parte de la representación legal de los peticionarios que provocó que éste último estuviese fuera de su oficina desde el 26 de septiembre de 2024 hasta el 11 de octubre de 2024. A tales efectos, le solicitaron al TPI a que permitiera la presentación tardía de la contestación al requerimiento de admisiones ya que la admisión tácita del requerimiento de admisiones les causaría un perjuicio sustancial.

Así las cosas, el 29 de octubre de 2024, HMS presentó una *Enérgica Oposición a Réplica sobre Admisión Tácita de Requerimiento de Admisiones.*[4] En síntesis, argumentó que la *Resolución* que emitió el TPI el 26 de septiembre de 2024, reconoció que el envío del requerimiento de admisiones se hizo oportunamente por lo que los peticionarios venían obligados a presentar su respuesta en el término original honrado. Sostuvo que aún si se fuese a tomar como punto de partida la notificación de la *Resolución* antes mencionada para computar el término que provee la ley para presentar la contestación, pasó otro mes adicional y todavía la parte peticionaria no había cumplido con lo ordenado. Por último, señaló que, aun reconociendo la prerrogativa de la discreción judicial para extender el término, la parte peticionaria no presentó justa causa para su incumplimiento y tampoco solicitó una prórroga a tales efectos. De

---

[4] Íd., págs. 134-137.

este modo, reiteró que procedía la admisión tácita del requerimiento de admisiones.

Evaluados los escritos de las partes, el 20 de noviembre de 2024, el TPI emitió y notificó una *Resolución* mediante la cual determinó lo siguiente[5]:

> Si bien los tribunales gozamos de una prerrogativa de discreción judicial, la realidad es que esa indulgencia que pudiéramos honrar en el sano ejercicio de nuestro criterio aplica solo a los casos en los que la parte adversamente afectada por la disposición legal tenía justa causa para responder por su incumplimiento. En el caso particular que nos ocupa, cuando hablamos de la figura del requerimiento de admisiones el texto de la ley es prístino en reconocer que el efecto procesal inmediato redunda en la admisión tácita de las aseveraciones indagadas, sin requerir de nuestra intervención ni una expresión ulterior al efecto. No podemos olvidar que esta consecuencia procesal nace precisamente de un incumplimiento con términos y disposiciones mandatorias a las que el promovido del ejercicio tenía que ceñirse. Como único se evita esta consecuencia, es cuando el promovido presenta oportunamente, dentro del término para replicar, una moción solicitando una extensión al término inicial, pormenorizando las razones que motivan el que no pueda cumplir con el plazo mandatorio, o estableciendo que goza de justa causa para ello.
>
> En el caso ante nos la parte demandada cursó un ejercicio de requerimiento de admisiones el 26 de julio de 2024, conforme se había discutido en corte abierta durante la pasada audiencia de estado de los procedimientos. En respuesta, la parte promovida presentó ante nuestra consideración una moción donde solamente impugnó el envío del requerimiento por entender que el demandante lo remitió fuera de término. Tal cual resolvimos en la resolución atendiendo esta disputa, la apreciación del demandante no era correcta pues en efecto este Tribunal concedió hasta el 26 de julio de 2024 para que se diligenciaran y atendieran todos los asuntos relacionados al descubrimiento, incluido expresamente el envío de un requerimiento de admisiones.
>
> En esa moción que presentaron el 2 de agosto [SUMAC-83] era el momento en que la parte demandante tenía la obligación procesal de solicitar una paralización del término original, o en la alternativa mostrar justa causa por la cual debían merecer una extensión del plazo para contestar. Por el contrario, aquí la parte demandante se limitó a establecer, erróneamente, que no procedía la contestación al requerimiento porque según ellos el ejercicio se había enviado tardíamente, y a eso se ciñó su petitorio.

---

[5] Íd., pág. 139-144.

La pretensión de la parte demandante resulta sumamente delicada, en la medida en que sugiere que cualquier término se repute interrumpido por una moción bajo la mera apreciación de incumplimiento que pueda levantar el que venía llamado a cumplir con el término. La realidad es que los plazos que rigen estos procedimientos continúan corriendo en toda su extensión, salvo que se cumpla con los escenarios interruptivos que reconoce la ley. Los demandantes entendían que el término de 20 días para replicar al requerimiento cursado se interrumpió automáticamente automáticamente con la presentación de su moción impugnando el envío, y que un nuevo término comenzó a decursar a partir de la notificación de la resolución de este Tribunal resolviendo el asunto. No podemos comulgar apreciación.

Nuestro ordenamiento jurídico reconoce expresamente cual es la hoja de ruta a seguir en estos escenarios de incumplimiento. La propia regla 33, supra, establece que: "*Si la parte no cumple con este término (de veinte días), las cuestiones sobre las cuales se solicitó la admisión, **automáticamente se tendrán por admitidas. No se requiere que el tribunal emita una orden.** Regla 33(a) de Procedimiento Civil, supra. Esta admisión se considerará definitiva, a menos que el tribunal, previa moción al efecto, permita su retiro o una enmienda a la misma. Regla 33 (b) de Procedimiento Civil, supra.*

También tenemos que recordar que esta prerrogativa discrecional de conceder extensiones de plazos no es la norma, pues solo procederá en aquellos escenarios donde el promovido fue diligente en presentar su reclamo de tiempo adicional. J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, Tomo I, Publicaciones JTS, San Juan, 2000, pág. 565. La importante finalidad que rige este enunciado procesal es precisamente evitar situaciones como la que hoy nos ocupa. Así lo reconoció el Honorable Tribunal Supremo de Puerto Rico en el normativo *Rivera Prudencio v. Mun. de San Juan*, supra, cuando intimó lo siguiente:

*"Una lectura del anterior tracto procesal pone de manifiesto la falta de diligencia de la representación legal del Municipio en cumplir con las órdenes del tribunal y con las Reglas de Procedimiento Civil que establecen un **término mandatario** de 20 días para admitir o negar un requerimiento de admisiones. **No podemos refrendar la dejadez y desidia** de una parte que con sus actuaciones promueve la dilación de los procedimientos judiciales."* (Énfasis y subrayado nuestro)

Vemos, pues, que la parte demandante tenía la obligación de contestar el requerimiento en el plazo original que comenzó a decursar al día siguiente del envío, o en la alternativa si pretendía paralizarlo, tenía que pormenorizar las razones que sustentaban la interrupción, cosa que no hizo. De otra parte, aún si

acogiéramos el planteamiento de los demandantes de que el término para replicar comenzó a decursar a partir de nuestra resolución ratificando la validez del envío, éstos volvieron a incumplir pues terminaron enviando su contestación después del 8 de octubre de 2024, que hubiera sido la fecha límite según la teoría que esgrimieron. La realidad es que, incluso en ese escenario, los demandantes volvieron a obviar el plazo para replicar y terminaron presentando una respuesta pasado un mes de haberse notificado nuestro dictamen interlocutorio.

En respuesta a este segundo incumplimiento, el representante legal de los promovidos presentó como justificación una certificación médica fechada el 7 de octubre de 2024, donde aparece una nota de un facultativo médico recomendando reposo. Sin embargo, el demandado y promovente del requerimiento presentó evidencia de un correo electrónico que le cursó el representante legal de los demandantes, fechado el 10 de octubre de 2024, durante la semana de reposo por instrucción médica, indicando que sus clientes ya habían contestado el requerimiento y que solo faltaba juramentarlo. El correo electrónico leyó como sigue:

10 de octubre de 2024.

*Saludos,*

*Según ordenado por tribunal, los clientes contestaron los requerimientos.*

*Están en proceso de ser juramentados. Entiendo que para mañana se estarán enviando.*

Atentamente,

*Lcdo. William López Caratini*

Esta evidencia presentada por el demandado ciertamente nos persuade en la medida en que la certificación médica del abogado de los promovidos — **no de la parte propiamente, sino de su abogado**— choca con la realidad que planteo en su correo electrónico, donde expresa que sus clientes habían contestado el requerimiento y faltaba meramente juramentar el recurso, gestión que estarian haciendo al día siguiente. Ese día siguiente llegó sin que se remitiera la respuesta al requerimiento, y no fue hasta una semana adicional despues del mensaje que finalmente enviaron su contestación al requerimiento cursado.

Este Tribunal ha ponderado celosamente todos los planteamientos levantados por las partes, y luego de un denso ejercicio evaluativo de la jurisprudencia asi como el manejo y tracto de los autos del caso, no podemos colegir con la apreciación de los demandados en cuanto a que el plazo para replicar quedó interrumpido ni que su dilación en contestar era excusable. La parte demandante no puso a este Tribunal en posición de

acoger una interrupción del plazo mandatorio para replicar al requerimiento de admisiones cursado, pues no suplicó paralización del término, no presentó justa causa mediante moción oportuna dentro del término como exigen las reglas, y peor aún, tras estar en incumplimiento se demoró un mes adicional para finalmente presentar su contestación, sin una razón válida que justificara su incumplimiento.

En virtud de lo antes expuesto, declaró No Ha Lugar la *Réplica a Moción que Solicita que se de por Admitido el Requerimiento de Admisiones* que presentó la parte peticionaria y, en consecuencia, ratificó la admisión tácita del requerimiento cursado.

Inconforme con este dictamen, el 9 de diciembre de 2024, los peticionarios presentaron una solicitud de reconsideración.[6] En respuesta, el 27 de enero de 2025, HMS presentó su oposición a reconsideración.[7] Evaluados los escritos de las partes, el 11 de abril de 2025, el TPI emitió una *Resolución* declarando No Ha Lugar la solicitud de reconsideración.[8] Aún en desacuerdo, el 6 de mayo de 2025, los peticionarios presentaron el recurso de epígrafe y formularon los siguientes señalamientos de error:

> **Erró el tribunal superior al no ponderar el contenido de las contestaciones del requerimiento de admisiones, las cuales niegan la mayoría de los hechos. El tribunal tampoco tomó en consideración los precedentes apelativos donde se revocan admisiones tácitas.**
>
> **Erró el tribunal superior en su aplicación de la Regla 33 de Procedimiento Civil la cual debe aplicarse con flexibilidad, evitando que tecnicismos procesales determinen el resultado del caso tal cual como indica el Tribunal Supremo en el caso Audio Visual Lang.**
>
> **Erró el tribunal superior al ignora [sic] el hecho de que no se ha celebrado conferencia con antelación a juicio, ni se ha señalado juicio, y ante el hecho de que el propio tribunal extendió la fecha final de descubrimiento de prueba a una posterior a la controversia.**
>
> **Erró el tribunal superior al penalizar al demandante por una tardanza en la entrega del requerimiento de admisiones, pero le permitió al demandado la entrega tardía de un requerimiento de admisiones y**

---

[6] Íd., págs. 146-161.
[7] Íd., págs. 192-197.
[8] Íd. págs. 212-215.

**acogió moción de oposición aun cuando incumplió con el término del tribunal en dos ocasiones corridas.**

Atendido el recurso, el 9 de mayo de 2025, emitimos una *Resolución* mediante la cual acogimos el presente recurso como un *certiorari* y le concedimos a la parte recurrida hasta el 19 de mayo de 2025 para presentar su postura en cuanto al recurso. Vencido el término para ello sin que la parte recurrida presentara su postura en cuanto al recurso, damos por perfeccionado el recurso y procedemos a resolver el asunto ante nos. *Veamos.*

II.

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto, ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 40, enmarca los criterios que debe evaluar este tribunal al expedir un auto de *certiorari.* La aludida regla establece lo siguiente:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró, supra.* La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando éste haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009); *Rivera y Otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

III.

Nos corresponde justipreciar si debemos ejercer nuestra facultad discrecional al amparo de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra.* Luego de examinar el expediente y la Resolución bien fundamentada del TPI a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra,* no

identificamos razón por la cual este Foro deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el TPI haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. Reiteramos que en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

IV.

Por los fundamentos antes expuestos, ***denegamos*** el recurso de epígrafe.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones